UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL MOSLEY, ON
BEHALF OF HIMSELF AND
THOSE SIMILARLY
SITUATED,

      Plaintiff,

vs.

PITTMAN CONSULTANTS,
INC., A GEORGIA LIMITED
LIABILITY COMPANY, AND
MICHAEL PITTMAN,
INDIVIDUALLY,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL MOSLEY, on behalf of himself and those similarly situated, by and through the undersigned attorney, sues the Defendants, PITTMAN CONSULANTS, INC., a Georgia Limited Liability Company, and MICHAEL PITTMAN, Individually, and alleges:

1.    Plaintiff, MICHAEL MOSLEY was an employee of Defendants, and brings this action for unpaid overtime compensation, declaratory relief, minimum wages, unpaid wages, and other relief under the Fair Labor Standards Act, as

amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff was employed by Defendants from September 2014 through March 2015.

3. While working for Defendants, Plaintiff was paid by the hour as an "independent contractor."

4. Defendant, PITTMAN CONSULTANTS, INC., is a Georgia Corporation that operates and conducts business in, among others, Cobb County, Georgia and is therefore, within the jurisdiction of this Court.

5. At all times relevant to this action, MICHAEL PITTMAN was an individual resident of the State of Georgia, who owned and operated PITTMAN CONSULTANTS, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of PITTMAN CONSULTANTS, INC. By virtue of having regularly exercised that authority on behalf of PITTMAN CONSULTANTS, INC, MICHAEL PITTMAN is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid painter who

worked for Defendants at any time within the past three (3) years and were classified as "independent contractors."

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendants, Defendant, PITTMAN CONSULTANTS, INC., earned more than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendants, Defendant, PITTMAN CONSULTANTS, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were paint materials and supplies, brushes, ladders, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11. Therefore, Defendant, PITTMAN CONSULTANTS, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

12. At all times relevant to this action, Defendants failed to comply with the FLSA by misclassifying Plaintiff and their other painters as independent contractors

and by failing to pay overtime compensation to Plaintiff and the other painters for overtime hours worked.

13. During their employment with Defendants, Plaintiff and the other painters were paid by the hour.

14. If Plaintiff and the other painters worked overtime hours, they were only paid their regular hourly rate for such overtime hours worked, <u>not</u> a full overtime rate.

15. Defendants classified Plaintiff and their other painters as independent contractors.

16. However, Defendants controlled Plaintiff and the other painters' job duties.

17. Defendants selected the jobs to accomplish, materials to use, and how many painters were involved for each job.

18. Defendants dictated the pay that Plaintiff and the other painters would receive.

19. Since Plaintiff and the other painters were paid by the hour, they could not use their managerial skill to increase their profits from their work with Defendants.

20. Defendants provided all equipment and materials used by Plaintiff and

the other painters.

21. Plaintiff and the other painters' jobs duties were simply to paint the structures and assignments given to them, they did not need a professional license or certain amount of schooling to perform their job.

22. Plaintiff's work performed for Defendants was permanent work and not temporary work.

23. Plaintiff and the similarly situated employees were an integral part of Defendants' business because without these workers, Defendant's customers would not be served.

24. As such, Plaintiff and the other similarly situated painters were truly the employees of Defendants under the FLSA and are entitled to complete overtime compensation for the overtime hours worked by them.

25. Additionally, Plaintiff and the other painters were not paid their last paycheck by Defendants and as such, Defendants have also failed to pay Plaintiff and the other painters proper minimum wages for this time worked.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated painters are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above.

28. Plaintiff and those similarly situated painters are/were entitled to be paid overtime compensation for their overtime hours worked.

29. During their employment with Defendants, Plaintiff and those similarly situated employees were misclassified as independent contractors and were not compensated for hour worked in excess of forty (40) per week.  *See* ¶¶ 12-24.

30. Defendants did not have a good faith basis for their decision to classify Plaintiff and the other similarly situated employees as independent contractors.

31. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated painters overtime compensation, Plaintiff and those similarly situated painters have suffered damages plus incurring reasonable attorneys' fees and costs.

32. As a result of Defendants' willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

33. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MICHAEL MOSLEY, on behalf of himself and those similarly situated, demands judgment against Defendants for the payment of all

unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above.

35. Plaintiff and those similarly situated painters are/were entitled to be paid the minimum wage for each hour worked during their employment with Defendants.

36. Plaintiff and those similarly situated employees were not paid their final paycheck by Defendants.

37. As such, Defendants have failed to pay Plaintiff and the other painters the proper minimum wages for their last pay period of work.

38. Plaintiff and those similarly situated employees have demanded proper compensation for these unpaid wages via a demand letter, but Defendants have failed to respond to the letter.

39. As a result of Defendants' actions in this regard, Plaintiff and those similarly situated employees have not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants.

40. Defendants willfully failed to pay Plaintiff and those similarly situated

employees minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

41. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MICHAEL MOSLEY, on behalf of himself and those similarly situated, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this <u>7th</u> day of December, 2015.

**/s/ C. Ryan Morgan**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:   (407) 245-3401
Email:         RMorgan@forthepeople.com
*Attorneys for Plaintiff*