IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL MOSLEY
on behalf of himself and those
similarly situated,

    Plaintiff,

      v.

PITTMAN CONSULTANTS, INC.
a Georgia Limited Liability
Company, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:15-CV-4247-TWT

**OPINION AND ORDER**

This is an action under the Fair Labor Standards Act ("FLSA") for the recovery of unpaid overtime and minimum wages. It is before the Court on the Plaintiffs' Motion for Partial Summary Judgment [Doc. 23]. For the reasons set forth below, the Plaintiffs' Motion for Partial Summary Judgment [Doc. 23] is GRANTED in part and DENIED in part.

## I. Background[1]

The Plaintiffs are Georgia construction workers who were hired by the Defendant Pittman Consultants, Inc. – a general contracting corporation located in Georgia – to travel to Covington, Kentucky to work on a construction project from September 2014 to March 2015.[2] The Plaintiffs do not hold special licenses or certificates, but are experienced painters and carpenters.[3] Prior to traveling to Kentucky, the Plaintiffs completed employment applications with Pittman Consultants.[4] The Plaintiffs transported basic equipment such as paint brushes, ladders, drills, and wrenches to Kentucky.[5] Pittman Consultants provided speciality equipment, including safety harnesses, sprayer tips, and hard hats.[6] In addition, the

---

[1] The Court draws the material facts almost entirely from the Plaintiffs' Statement of Undisputed Material Facts. See N.D. Ga. 56.1 B.(1). Under Local Rule 56.1 B.(2)a, the Defendants were required to submit a response to the Plaintiffs' Statement of Undisputed Material Facts. The Defendants failed to do so. As a result, the Court will deem the Plaintiffs' asserted facts as admitted. Id.

[2] Pls.' Statement of Facts ¶¶ 4, 6, 13; Compl. ¶ 2; Pittman Dep., at 7.

[3] Pls.' Statement of Facts ¶¶ 40-42.

[4] Id. ¶ 7.

[5] Id. ¶¶ 15-16.

[6] Id. ¶ 20.

Defendant provided a U-Haul to transport some of the tools.[7] Pittman Consultants' customer–IBG Construction–also provided supplies.[8]

In Kentucky, Pittman Consultants provided transportation for the Plaintiffs to and from the construction site as well as hotel lodging.[9] At the construction site, the IBG Construction controlled the Plaintiffs' schedule and tasks.[10] Pittman Consultants advised the Plaintiffs to follow IBG Construction's instructions.[11] In addition, Pittman Consultants would at times communicate with the Plaintiffs to discuss the project's progression.[12] At the beginning of the job, the Plaintiffs worked ten hours per day, seven days a week, but IBG Construction eventually limited their work schedules to six days a week.[13] The Plaintiffs were given an unpaid thirty-minute lunch break and two unpaid fifteen-minute breaks per day.[14] The Plaintiffs were paid up to $30 per hour, but Pittman Consultants did not pay the Plaintiffs the overtime rate mandated

---

[7]   Id. ¶ 17.

[8]   Id. ¶ 21.

[9]   Id. ¶ 18.

[10]  Id. ¶¶ 22, 24-26.

[11]  Id. ¶ 23.

[12]  Id. ¶ 32.

[13]  Id. ¶¶ 25-26.

[14]  Id. ¶¶ 29-30.

by 29 U.S.C. § 207(a) for covered employees.[15] The Plaintiffs claim they are covered employees under the FLSA and, therefore, entitled to overtime pay. The Plaintiffs now move for summary judgment on four issues:

> (1) that Plaintiffs were individually covered under the FLSA; (2) that Plaintiffs were employees under the FLSA; (3) that Plaintiffs are entitled to liquidated damages for overtime and minimum wage damages found at trial; and (4) that Plaintiffs are entitled to additional overtime compensation for the unpaid fifteen (15) minute breaks in weeks in which they worked overtime hours.[16]

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[17] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[18] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[19] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to

---

[15] Id. ¶¶ 8, 46, 51.

[16] Pls.' Mot. for Partial Summ. J., at 3.

[17] FED. R. CIV. P. 56(c).

[18] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[19] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

show that a genuine issue of material fact does exist.[20] A "mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[21]

### III. Discussion

The FLSA generally requires employers to compensate employees one and one-half times the regular rate of pay for all hours worked in excess of forty hours per week.[22] However, the FLSA's overtime provision – 29 U.S.C. § 207 – only applies to employees that are (1) "engaged in commerce or in the production of goods for commerce" ("individual coverage") or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage").[23]

The Plaintiffs contend that they are covered under the FLSA through its individual coverage clause.[24] They allege that they engaged in commerce by traveling

---

[20] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[21] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990).

[22] 29 U.S.C. § 207(a); Birdwell v. City of Gasden, Ala., 970 F.2d 802, 804 (11th Cir. 1992).

[23] 29 U.S.C. § 207(a)(1).

[24] In their Complaint, the Plaintiffs also allege that they are covered under the enterprise clause. However, they do not move for summary judgment on that issue. See Pls.' Mot. for Partial Summ. J., at 4 n.3.

to Kentucky on behalf of Pittman Consultants. An employee is "engaged in commerce" under the FLSA if he or she is:

> directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.[25]

The question, therefore, is whether the Plaintiffs' trip to Kentucky qualifies as "regular and recurrent use of interstate . . . travel."[26] The Court finds that it does not. Traveling once to Kentucky to work on a construction project is simply too isolated.[27] The FLSA's implementing regulation explains that the typical jobs that involve regular interstate travel include "traveling service men, traveling buyers, traveling construction crews, collectors, and employees of such organizations as circuses,

---

[25] Thorne v. All Restoration Servs, Inc., 448 F.3d 1264, 1266 (11th Cir. 2006).

[26] Id.; see also Dent v. Giaimo, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009) ("[An] employee's interstate activity must be regular and recurrent and not simply isolated or sporadic for jurisdiction to exist.").

[27] See, e.g., Seijo v. Casa Salsa, Inc., No. 12–60892–Civ, 2013 WL 6184969, *3 (S.D. Fla. Nov. 25, 2013) ("Traveling to New York once a year is not regular and is therefore insufficient."); Benton v. Laborers' Joint Training Fund, No.: 14-1073 (RC), 2016 WL 5396657, *6 (D.D.C. Sept. 27, 2016) (noting the "paucity of case law" that exists on the issue and that "[t]he cases that do exist suggest that weekly or bi-weekly travel is almost certainly sufficient to establish individual coverage, while bi-monthly travel approaches the limits of coverage, and more infrequent travel amounting to only sporadic trips each year are insufficient").

carnivals, road shows, and orchestras."[28] A common thread connecting these jobs is that they almost certainly involve taking multiple trips out of state. So while the Plaintiffs are a construction crew that traveled to another state, the Court is not convinced that the regulation intended a single trip to be sufficient. Moreover, the Court – through its own research – was unable to locate a single case that found one out-of-state trip to be sufficient.

In response, the Plaintiffs point to Josendis v. Wall to Wall Residence Repairs, Inc.[29] There, the Eleventh Circuit stated that because the plaintiff "did not travel across state lines as part of his work for Wall to Wall, he cannot claim individual coverage based on any of the travel he completed."[30] The Plaintiffs contend that the inverse of the Eleventh Circuit's statement must then be true. "[I]f an employee crosses state lines as part of his work, he would be subject to individual coverage under the FLSA."[31] But the Plaintiffs' blanket statement contradicts the FLSA's implementing regulation. The regulation specifically states that the "area of coverage in such situations cannot be delimited by any exact formula, since questions of degree

---

[28]   29 C.F.R. § 776.12.

[29]   662 F.3d 1292 (11th Cir. 2011).

[30]   Id. at 1316.

[31]   Pls.' Mot. for Partial Summ. J., at 4.

are necessarily involved."[32] Thus, an employee does not automatically qualify for individual coverage simply because he or she traveled out of state. The relevant case law is in agreement with the regulation. Courts that have examined the issue have done so on a case-by-case basis. For example, in <u>Bowrin v. Catholic Guardian Society</u>, the court found that the plaintiff employees who traveled out of state weekly or two to four times per month established individual coverage, but the plaintiff employees who traveled out of state only twice in their three years of employment did not establish individual coverage.[33] As a result, the Court disagrees with the Plaintiffs' contention that traveling across state lines automatically qualifies an employee for individual coverage.

The Court concludes that the Plaintiffs' Motion for Partial Summary Judgment regarding the issue of individual coverage should be denied.[34] Nevertheless, the Court

---

[32]   29 C.F.R. § 776.12.

[33]   417 F. Supp. 2d. 449, 468-71 (S.D.N.Y. 2006).

[34]   The Plaintiffs also contend that the Plaintiff Mosley is individually covered because he regularly communicated by cell phone with the owner of Pittman Consultants, Inc. – the Defendant Michael Pittman – while the Plaintiff was in Kentucky and Mr. Pittman was in Georgia. <u>See</u> Pls.' Mot. for Partial Summ. J., at 5 n.4. However, none of the deposition testimony cited by the Plaintiffs indicates exactly how often these communications took place. <u>See</u> Pittman Dep., at 37-38; Mosley Dep., at 35-36. Like interstate travel, the interstate communications must be regular and recurrent. <u>See</u> 29 C.F.R. § 776.12. Thus, there is a material question of fact as to how often the Plaintiff Mosley participated in interstate communications.

will address the remaining issues in the Plaintiffs' Motion, including whether the Plaintiffs are employees under the FLSA. Neither party has moved for summary judgment with regard to the issue of enterprise coverage. Thus, the Plaintiffs may still qualify for overtime pay if enterprise coverage exists and if they are found to be employees.

"The FLSA's overtime and minimum wage protections . . . extend only to 'employees.'"[35] To determine whether a party was an employee, the Court looks to the "economic reality of the relationship between the alleged employee and alleged employer."[36] The inquiry's main focus is the level of economic dependence.[37] "[T]he final and determinative question must be whether the . . . personnel are so dependent upon the business with which they are connected that they come within the protection of the FLSA or are sufficiently independent to lie outside of its ambit."[38] When applying the "economic reality" test, "the Court may consider various factors, such as (1) degree of control, (2) opportunity for profit or loss, (3) investment in equipment or additional personnel required, (4) skills required, (5) duration, and (6) the extent

---

[35] Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311 (11th Cir. 2013).

[36] Id.

[37] Id. at 1312.

[38] Usery v. Pilgrim Equip. Co., Inc., 527 F.2d 1308, 1311-12 (5th Cir. 1976).

to which the service is integral to the alleged employer's business."[39] However, these factors "are not exclusive and no single factor is dominant."[40] "Ultimately, in considering economic dependence, the court focuses on whether an individual is 'in business for himself or is 'dependent upon finding employment in the business of others.'"[41]

Here, the Court concludes that five out of the six factors support finding "employee" status. First, as noted above, Pittman Consultants' customer – IBG Construction – exercised significant control over the Plaintiffs. IBG Construction set the Plaintiffs' schedule and instructed the Plaintiffs on which tasks to complete each day.[42] Pittman Consultants instructed the Plaintiffs to follow IBG Construction's schedule.[43] Second, the Plaintiffs and Pittman Consultants did not share equally in the opportunities for profit or loss. Pittman Consultants determined the Plaintiffs' rate of pay, and there are no facts to indicate that the Plaintiffs could have earned more

---

[39] Stevenson v. Great Am. Dream, Inc., No. 1:12-cv-3359-TWT, 2013 WL 6880921, at *3 (N.D. Ga. Dec. 31, 2013) (citing Scantland, 721 F.3d at 1312).

[40] Scantland, 721 F.3d at 1312.

[41] Id. (quoting Mednick v. Albert Enters., Inc., 508 F.2d 297, 301-02 (5th Cir. 1975)).

[42] Pls.' Statement of Facts ¶¶ 22-26; Morris Dep., at 18-20; Pittman Dep., at 39.

[43] Pittman Dep., at 39.

money by "upselling" their work.[44] Indeed, the Plaintiffs had no control over their tasks, hiring other workers, or any other activities that are normally associated with running an independent business.[45] Thus, the Court finds that this factor points toward employee status.[46] Third, although the Plaintiffs invested in certain tools like paint brushes, ladders, and drills, Pittman Consultants' investments outweigh the Plaintiffs'. As previously noted, Pittman Consultants provided additional equipment, a U-Haul to transport equipment, transportation to and from the work site, and hotel lodging. Moreover, only Pittman Consultants could employ additional workers. As a result, this factor weighs in favor of employee status as well.[47] Fourth, the Plaintiffs' jobs do not require special licenses or certifications. While the Plaintiffs are skilled painters and

---

[44]  Id., at 36-37, 50-51.

[45]  Id., at 48; Mosley Dep., at 24.

[46]  See Scantland, 721 F.3d at 1317 (finding that the plaintiffs had little opportunity for profit because, *inter alia*, they "could not negotiate or otherwise determine the rates they were paid for their jobs" and their "ability to earn additional income through their own initiative was limited").

[47]  See Demers v. Adams Homes of Northwest Fla., Inc., No. 6:06-cv-1235-Orl-31KRS, 2007 WL 3333440, *4 (M.D. Fla. Nov. 7, 2007) ("Adams Homes paid for the majority of Demers' supplies, including the utilities and telephone at her model home, as well as Demers' pager, her MLS fees, and her Board membership fees. Therefore, this factor also weighs in favor of an employer-employee relationship."); Dole v. Snell, 875 F.2d 802, 810-11 (10th Cir. 1989) ("The relative investment of the decorators in their own tools compared with the investment of the Snells simply does not qualify as an investment in this business.").

carpenters, they learned their trades through experience on other construction sites. More importantly, though, "the fact that workers are skilled is not itself indicative of independent contractor status."[48] What matters is whether the worker is exercising business skills or initiative in addition to his or her technical skills.[49] There is nothing in the record that indicates the Plaintiffs used their technical skills in an independent way. They simply followed the Pittman Consultants' and IBG Construction's schedule and instructions. Fifth, the Plaintiffs' duties are clearly integral to Pittman Consultants. The Defendant is a general contractor for residential and commercial construction projects. And, obviously, most construction projects need carpenters and painters. Additionally, the Defendant Pittman acknowledged that IBG Construction would not have paid Pittman Consultants but for the Plaintiffs performing their duties.[50]

The only factor that supports an independent contractor status is duration. The Plaintiffs' jobs only lasted six months. There was no permanency in their relationship with Pittman Consultants. Despite the lack of permanency, the Court finds that the

---

[48] Brock v. Superior Care, Inc., 840 F.2d 1054, 1060 (2d Cir. 1988).

[49] Id.

[50] Pittman Dep., at 24-25.

five other factors tip the scales in favor of employee status. Thus, the Plaintiffs' Motion for Partial Summary Judgment is granted as to the issue of employee status.

Next, the Plaintiffs assert that they are entitled to summary judgment on the issue of liquidated damages. They contend that the Defendants failed to present any evidence that their alleged violation of the FLSA was in good faith. Parties "who prevail under the FLSA are entitled to recover liquidated damages unless the employer makes an affirmative showing that it acted in good faith."[51] The inquiry into whether an employer acted with a good faith belief contains both a subjective and objective component.[52] The subjective component addresses the employer's actual belief, while the objective component looks at the reasonableness of the employer's belief and "requires some duty to investigate potential liability under the FLSA."[53] Here, the Defendants have failed to satisfy their burden. While Pittman appears to have held a subjective belief that the Defendants were in compliance with the FLSA, there is no evidence that the Defendants held an objectively reasonable belief that they were in compliance. Specifically, there is no evidence that Pittman conducted an investigation

---

[51] Ojeda-Sanchez v. Bland Farms, LLC, 499 F. App'x 897, 902 (11th Cir. 2012); see also 29 U.S.C. § 260.

[52] Dybach v. Florida Dep't of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991).

[53] Barcellona v. Tiffany English Pub, Inc., 597 F.2d 464, 469 (5th Cir. 1979); see also Dybach, 942 F.2d at 1566.

into the Defendants' responsibilities under the FLSA.  Pittman testified that he never spoke to a lawyer or to the Department of Labor to confirm that Pittman Consultants was in compliance with 29 U.S.C. § 207.[54] Rather, Pittman based his decision on his previous decision to classify workers as independent contractors.[55] Because there is no evidence of an investigation, the Defendants have failed to demonstrate good faith.[56] The Plaintiffs' Motion for Partial Summary Judgment is granted with regard to liquidated damages.

Finally, the Plaintiffs move for summary judgment on their claim of entitlement to compensation for their unpaid fifteen minute breaks. Under the FLSA, breaks between five and twenty minutes should be counted as hours worked.[57] Here, there is

---

[54]     Pittman Dep., at 31.

[55]     Id. at 31, 41.

[56]     See, e.g., Friedman v. South Fla. Psychiatric Assoc., Inc., 139 F. App'x 183, 185-86 (11th Cir. 2005) ("Reading information 20 years ago regarding the FLSA does not provide an objectively reasonable basis for believing one's conduct comports with the FLSA."); Spires v. Ben Hill Cty., 980 F.2d 683, 690 (11th Cir. 1993) (holding that the employer did not demonstrate good faith because "it took no action whatsoever to investigate its compliance with the [FLSA] until it was contacted by the plaintiffs' counsel").

[57]     See 29 C.F.R. § 785.18 ("Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. *They must be counted as hours worked*. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.") (emphasis added).

no dispute of material fact that the Plaintiffs took two unpaid fifteen minutes per day. Thus, if the Plaintiffs fall under the FLSA's ambit, then they should be compensated an additional thirty minutes of overtime pay for every week they worked forty or more hours. The Plaintiffs' Motion for Partial Summary Judgment is granted in this regard.

## IV. Conclusion

For the reasons set forth above, the Plaintiffs' Motion for Partial Summary Judgment [Doc. 23] is GRANTED in part and DENIED in part.

SO ORDERED, this 1 day of February, 2017.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge